**In re Michael Girard EWELL, Bankrupt.**

**VERMONT STUDENT ASSISTANCE CORP., Plaintiff,**

v.

**Michael EWELL, Defendant.**

**Bankruptcy No. B79–178.**

United States Bankruptcy Court,
D. Vermont.

Nov. 26, 1979.

Lloyd A. Portnow, Burlington, Vt., for Vermont Student Assistance Corp.

Michael Ewell, pro se.

### FINDINGS, MEMORANDUM AND CONCLUSIONS

CHARLES J. MARRO, Bankruptcy Judge.

This is an adversary proceeding to determine dischargeability of a student loan. The plaintiff's complaint is predicated upon § 17a of the Bankruptcy Act, as amended August 14, 1979, which excepts from the discharge a loan insured or guaranteed under the Higher Education Act of 1965 (*20 U.S.C. 1071 et sequi*) unless the discharge is granted after the expiration of a five year period (exclusive of any applicable suspension of the repayment period) beginning on the date of commencement of the repayment period of such loan, or (b) the discharge is granted prior to the expiration of such five-year period and the court determines that payment from future income or wealth will impose an undue hardship on the bankrupt or his dependents.

The plaintiff is represented by Lloyd A. Portnow, Esquire, and the bankrupt, Michael Ewell, appears pro se.

The defendant was adjudicated a bankrupt on a voluntary petition filed by him on September 7, 1979 and at a pre-hearing conference he admitted that the repayment

period of the loan which he had obtained from the plaintiff commenced within five years prior to the filing of the bankruptcy petition and that the only issue to be determined by the court is whether the payment from future income or wealth of the bankrupt will impose an undue hardship on him or his dependents. Absent such undue hardship the bankrupt conceded that the student loan would not be dischargeable.

## FINDINGS OF FACT

The bankrupt's obligations consist of two student loans of $1,900.00 and $6,500.00 from Johnson State College and Vermont Student Assistance Corporation (the plaintiff), respectively; of $900.00 for a deficiency to Dartmouth National Bank resulting from the sale of a 1971 Volvo; of $3,745.03 to a credit union holding a security interest in a 1976 Fiat worth $1,000.00. This obligation was reaffirmed after bankruptcy principally because the bankrupt's wife was fond of this vehicle and wanted her husband to retain it.

The bankrupt is 25 years of age, has no physical disability and is employed as a paralegal with the Vermont Legal Aid, Inc. in St. Albans, Vermont. He has been so employed for a little over a year and his gross salary, as of September 1, 1979, was and still is $9,600.00.

The bankrupt's wife is 26 years of age. She has no disability and by occupation is a choral music teacher. She was employed at Hartford High School since 1975 when she received a salary of $7,100.00. This increased to $9,100.00 per annum which she received when she left this employment in June, 1979. While so employed the bankrupt's wife maintained an apartment in Woodstock, Vermont. The bankrupt then boarded at his mother's house in St. Albans, Vermont, and commuted on weekends. She left her position so that she could live with her husband in an apartment they obtained in Cambridge, Vermont, about 20 miles from his place of employment in St. Albans. She has been unemployed since June of 1979.

The bankrupt's fixed monthly expenses are as follows:

| | |
|---|---|
| Rent | $165.00 |
| Bottled gas | 53.00 |
| Phone | 15.00 |
| Car Payment | 100.00 |
| Gasoline | 60.00 |
| Car insurance | 21.00 |
| Insurance on household goods | 4.50 |
| Laundry | 12.90 |
| Total | $431.40 |

He incurs additional expenses for food, clothing and for personal and household supplies.

The bankrupt's present salary of $9,600.00 is subject to the following deductions computed on an annual basis: Federal income tax, $645.00; Vermont State income tax, $148.32; Social Security tax, $294.24. This leaves him net earnings of $8,512.44.

The tax deductions were based on one exemption. He is entitled to another by virtue of his wife's unemployment. In addition the bankrupt, in less than a year, will receive an increase of $800.00 in annual salary.

The balance due the plaintiff under the bankrupt's student loan is $6,590.35 which includes interest to October, 1979.

## MEMORANDUM AND CONCLUSIONS

The defendant contends that repayment of this loan would, on the basis of his income, impose undue hardship on him and his wife; that the statute making student loans non-dischargeable except for undue hardship (20 U.S.C. 1087–3) was intended to prevent an abuse of the bankruptcy laws by students who are not really bankrupt; that his circumstances and finances make repayment impossible; that his wife's potential income should not be considered; that the statute as an exception to the discharge should be narrowly construed since it runs afoul of the most basic policy of the Bankruptcy Act i. e. to give the honest debtor a fresh start "unhampered by the pressure and discouragement of pre-existing debt." *Local Loan Co. v. Hunt, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1933).*

Bankruptcy Courts have uniformly recognized that the purpose of the Bankruptcy

Act is to give honest debtors an opportunity to rehabilitate themselves. However, the process of rehabilitation entails the exercise of prudence on the part of the debtor. He must not cast caution to the winds. Unfortunately the bankrupt failed to take heed. With his wife unemployed he was operating on a very tight budget. Yet soon after the first meeting of creditors he reaffirmed a debt of $3,745.03 to the credit union so that he could retain possession of a car worth $1,000.00. The money required to pay off the difference of $2,745.03 could have very well been used in the future to pay off part of the student loan. This in itself would tend to deprive him of the protection of "undue hardship". This was succinctly pointed out by Bankruptcy Judge Thomas C. Britten in the *Matter of Arthur James Hayman, 4 BCD 932, 933*, as follows:

> "The discretion given this court to permit discharge during these first five years to prevent 'undue hardship on the debtor or his dependants' is not intended to shelter the bankrupt from self-imposed hardship resulting from a reluctance to live within his means. If he can support the purchase of his Maverick, he can repay the money he borrowed for his higher education or he can forego some other amenity until his income warrants it. I find that it would not impose an undue hardship for the bankrupt to pay his student loan."

And, in *Wisconsin Higher Educational Aids Boards v. Hayes, 20 CBC 106, 110*, the bankrupt was in relatively the same financial condition as this defendant. He also reaffirmed a debt to a financial institution secured by a 1968 Corvette agreeing to payments of $118.00 per month. The Court was not satisfied that the bankrupt had established "undue hardship" and remarked:

> "If Mr. Hayes believes he can support the reaffirmation of his debt to CUNA and thereby retain possession of his 1968 Corvette, I can see no basis for finding that his repayment of approximately seventy percent of his student loans owed to the Wisconsin Higher Educational Aids Board would create an undue hardship."

This Court recognizes that the bankrupt's wife is not legally obligated to contribute towards their living expenses. Yet it is most probable that she will become reemployed in the not too distant future in which case it is safe to presume that she will make some contribution towards the expenses of the household and the car. This may even be substantial. Such contribution would necessarily constitute future income to the bankrupt. So will the additional $800.00 in annual salary which becomes payable within the next year.

This Court recognizes that, while his wife continues to be unemployed, he will have to make sacrifices. But it is also aware that the plaintiff, recognizing his financial plight, will in all likelihood extend to him liberal terms for repayment. The bankrupt's present and future income is not such as to warrant a finding that payment to the plaintiff will impose an undue hardship on him or his dependents.

Judgment is being entered in accordance with this opinion.