**In re Shelley Joy WARREN, Debtor.**

**Shelley Joy WARREN, Plaintiff,**

v.

**UNIVERSITY OF ILLINOIS, Northwestern University, Student Loan Marketing Association and State of Florida, Defendants.**

Bankruptcy No. 80–00595–BKC–SMW.
Adv. No. 80–0172–BKC–SMW–A.

United States Bankruptcy Court,
S. D. Florida.

Sept. 23, 1980.

Richard L. Larin, North Miami Beach, Fla., for plaintiff.

Ira F. Gropper, Asst. U. S. Atty., Miami, Fla., for defendant.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard upon the debtor's Complaint to Determine the Dischargeability of student loans under Section 523(a)(8) of the Bankruptcy Code. The Court, having heard the testimony of the witnesses and examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel and being otherwise fully advised of the premises, does hereby make the following findings of fact and conclusions of law.

The plaintiff in this case filed her voluntary petition under Chapter 7 of the Bankruptcy Code in May of 1980. Her assets are scheduled as totaling $110.00, all of which are exempt under Florida law. The only creditors of this estate are the defendants in this adversary proceeding and their aggregate claims against the debtor total $7,475.00.

Prior to the date of trial, the plaintiff moved this Court to enter default judgments against all three creditors/defendants for their failure to file responsive pleadings. The Court finds, however, that the United States is the assignee of the Northwestern University loan. In accordance with Bankruptcy Rule 755(d), no default judgment will be entered against the United States. The Motion for default with respect to this loan is therefore denied. This Court will however enter default judgments against the State of Florida, and the University of Illinois for their failure to file a responsive pleading as required by Bankruptcy Rule 712.

In the case at issue, the debtor seeks relief based upon Section 523(a)(8)(B) of the Bankruptcy Code:

(a) A discharge under Section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) ... [to] a government unit, or a nonprofit institution of higher education, for an educational loan, unless—

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents; ...

The debtor is an unmarried female in her early twenties. She has attended classes at the University of South Florida from September of 1974 to August of 1975, at the University of Illinois from August of 1975 to May of 1976, and at Northwestern University from September of 1976 thru June of 1979. Although she has not yet received her degree in music, she has been professionally employed as a flutist.

The debtor's testimony revealed that she has not been gainfully employed since April of 1980. Her work experiences since college have been part–time, and she has no current prospects of permanent full–time employment. So far this year the debtor has earned only $1,494.00.

The debtor's current living expenses are as marginal as is her income. She testified that she is living with her parents and is not required to pay rent. The debtor's testimony also revealed that her parents provide her with other forms of financial support as well.

The debtor contends that it is an undue hardship to pay these loans, but it is the opinion of this Court, that in the absence of other extenuating circumstances, the mere unemployment of the debtor is insufficient to establish undue hardship as is required by Section 523(a)(8)(B) of the Bankruptcy Code.

The debtor testified that beginning in November of this year, that she will again be employed on a part–time basis as a musician. Until the debtor does become so employed she can seek a flexible repayment schedule from the student loan association.

Based upon the affidavit of Mr. John Jordan, the Acting Branch Chief in the Office of Student Financial Assistance for the United States Department of Education for Region V, this loan may be repaid for as little as $80 per month. In addition, with supervisory approval a repayment plan for even a lesser sum may be established.

For the aforementioned reasons, this Court holds that the student loan made by Northwestern University is nondischargeable.

Pursuant to the requirements of Bankruptcy Rule 921(a), a separate judgment will be entered granting default judgments against the State of Florida and the University of Illinois and denying the discharge of the debt to Northwestern University.

### FINAL JUDGMENT

In conformity with the findings of fact and conclusions of law of even date, it is:

ORDERED, ADJUDGED and DECREED that the relief prayed for by the the plaintiff in its Complaint filed against the State of Florida and the University of Illinois is hereby granted; and it is further

ORDERED, ADJUDGED and DECREED that the debt owed by the plaintiff in this action to the defendant, Northwestern University, is not dischargeable in proceedings in this Court under the Bankruptcy Code.