In re Barbara **BARRINGTON**, Bankrupt.

**NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Plaintiff,**

v.

**Barbara BARRINGTON, Defendant.**

**Bankruptcy No. B–77–2795.**

United States Bankruptcy Court, W. D. New York.

Dec. 3, 1980.

Michael Roulan, Geneva, N.Y., for plaintiff.

Frank & Feinstock by David R. Frank, Rochester, N.Y., for defendant.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This action is under 20 U.S.C. § 1087–3 and the question presented to the Court for decision is whether payment of the student loan will impose an undue hardship on the bankrupt or her dependents.

In this particular case, the bankrupt was discharged from her employment with Eastman Kodak Company some nine months prior to the hearing. She has been living on unemployment insurance since her discharge.

Her problem is a physical and mental one. She has had depressive illnesses all her life. She is a third generation depressive. Her grandmother is institutionalized and her mother has been on medication for a long period of time.

The bankrupt was discharged from her employment because she couldn't face the problems and the stress of her job. Since that time, she has stayed at home, played with her dog and sleeps a lot. She had made little or no effort to obtain employment, primarily, because of her depressed condition. Her unemployment insurance runs out within a month or two of the hearing in this matter.

Not being clairvoyant, the Court can only base its decision upon what has happened in the past and what was happening at or about the time of the hearing. Certainly, at this point in time, it would work an undue hardship on the bankrupt to pay the plaintiff. Therefore, the debt is dischargeable and it is so ordered.