**In re Katherine (Phelps) PERKINS, (Plaintiff) Debtor,**

v.

**VERMONT STUDENT ASSISTANCE CORPORATION, Defendant.**

Bankruptcy No. 80–00143.

United States Bankruptcy Court, D. Vermont.

Dec. 12, 1980.

Lawrence H. Mandell, Woodbury Associates Legal Clinic, Montpelier, Vt., for debtor-plaintiff.

Thomas A. Little of Samuelson, Portnow, Miller & Eggleston, Ltd., Burlington, Vt., for defendant.

### FINDINGS OF FACT AND MEMORANDUM

CHARLES J. MARRO, District Judge.

This is an adversary proceeding instituted by the Motion (considered a complaint) of the debtor to determine dischargeability of a student loan under Section 523(a)(8) of the Bankruptcy Code.

The facts as to the loan itself are undisputed. The debtor concedes that it is indebted to the defendant, a governmental unit, for a student loan in the sum of $1,016.08 as of October 31, 1980 and that it became due on January 1, 1976 which is within five years before the filing of her petition for relief which occurred on June 30, 1980.

Section 523(a)(8) of the Bankruptcy Code excepts from the discharge a debt for an educational loan funded in whole or in part by a governmental unit or non-profit institution of higher education, unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

The student loan first became due within five years next preceding the filing of the debtor's petition. Hence, the only issue is whether excepting the debt will impose an

undue hardship on the debtor and her dependents.

The established facts indicate that the debtor is married without dependents. She has been employed for the past three years and is presently earning $160.00 a week but is paid $320.00 bi-weekly. Out of this she is paying Federal and State taxes of $75.00; $169.00 an obligation for a 1978 Ford Pinto Wagon of $3,325.00 for which she very recently traded; insurance of $5.00 to $7.00; credit union dues of $4.00. She also has living expenses concerning which there was no testimony. She is in debt for $250.00 to a private person for a job fee.

The debtor's husband was recently prosecuted in New Hampshire on a bad check charge involving a debt to one Frank Nutter for $1,062.95 and to raise bail she borrowed $1,000.00 from a friend. Upon conviction he received a suspended sentence plus restitution. In addition he was sentenced $200.00 in fines. The debtor also obligated herself for an attorney's fee of $400.00 which is still unpaid.

The debtor's husband has been employed since September, 1980 as assistant manager for Morse Shoes in the Upstate University Mall in Burlington, Vermont. He has no car. Neither the debtor nor her husband owns real estate. For the next year the debtor does not anticipate any raise in pay outside of a cost of living increment which she will receive next summer.

The defendant is willing to accept $20.00 a month to liquidate the balance of the indebtedness.

■ The foregoing facts do not meet the test of "undue hardship". The debtor's income does in fact put her on a tight budget but it is not such as in the payment of $20.00 a month to the defendant would cause her suffering or privation exceeding propriety or fitness. Most of her assumed obligations pertain to the relief of her husband in criminal proceedings involving bad checks issued by him. To be sure her conduct in this respect is indeed noble. However, he is employed with adequate income with which to satisfy the terms of restitution. In addition the debtor only recently traded her car for a Ford Pinto Wagon which involves a monthly payment of $169.00 towards an indebtedness of $3,325.00. There is sufficient need of a vehicle if she is to continue her employment but it also appears that she used poor judgment in purchasing such an expensive car. With a tight budget she cast caution to the winds. The money which could have been saved from a more judicious purchase of a vehicle could have been made available to pay off the student loan on the most liberal terms of $20.00 a month offered by the defendant.

■ The exemption created by "undue hardship" from the exception to the discharge is discretionary with the bankruptcy judge who determines whether payment of the debt will cause undue hardship on the debtor and his dependents thus defeating the "fresh start" concept of the bankruptcy act. Circumstances which make non-payment of a student loan are illness, incapacity or other extenuating circumstances. 3 Collier 15th Ed. 523–133–4. However, the discretion given to the court to permit a discharge is not intended to shelter the debtor from self-imposed hardship resulting from a reluctance to live within his means. *In Re Hayman*, 4 B.C.D. 932, 933.

■ The purchase of the Ford Pinto Wagon by this debtor at a cost of $3,325.00 was indeed a self imposed hardship. As such it does not warrant an excuse for not paying the student loan. *Wisconsin Higher Educational Aids Boards v. Hayes*, 20 C.B.C. 106, 110.

Although the determination of "undue hardship" must necessarily be made on a case to case basis the Bankruptcy Courts, in interpreting Sec. 523(a)(8)(B) of the Code, have adopted a very strict posture. *In Re Hayman* (S.D.Fla.1978) 4 B.C.D. 932; *In Re Kohn* (S.D.N.Y.1979) 5 B.C.D. 419; *In Re Warren* (S.D.Fla.1980) 6 B.R. 233, 6 B.C.D. 1050.

In *Kohn*, supra, the Court observed:
"But mere financial adversity without more will not do. There must be present

such unique circumstances to render it less likely, or likely only with extreme difficulty, or unlikely at all, that the bankrupt will within the foreseeable future be able to honor his commitment.------

"The point is that Congress meant the extinguishment of student loans to be an available remedy to those severely disadvantaged economically as a result of unique factors which are so much a part of the bankrupt's life, present and in the foreseeable future, that the expectation of repayment is virtually non-existent unless by the effort the bankrupt strips himself of all that makes life worth living.------

"The mere fact of imminent unemployment does not move the court. If temporary unemployment were the basis for a discharge, bankrupts would be encouraged to come here unemployed, seek an undue hardship discharge and then seek gainful employment."

And in the *Warren* case, supra, the Court held that in the absence of other extenuating circumstances, the mere unemployment of the debtor is insufficient to establish undue hardship as is required by Section 523(a)(8)(B) of the Bankruptcy Code.

While this Court recognizes that the basic policy of the Bankruptcy Act, as enunciated in *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230, is to give an honest debtor a fresh start "unhampered by the pressure and discouragement of pre-existing debt", it is equally convinced that the debtor will not suffer undue hardship by repayment of the student loan at $20.00 a month.

Judgment is being entered in accordance with this memorandum.