In re Frank Phillip ROSSOTTO, Bankrupt.

**NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Plaintiff,**

v.

**Frank Phillip ROSSOTTO, Defendant.**

**Bankruptcy No. BK–78–00255(1).**

United States Bankruptcy Court, W. D. New York.

Feb. 25, 1981.

Lawrence W. O'Toole, Albany, N. Y. (Frederick J. Schreyer, of counsel), for plaintiff.

Frank Phillip Rossotto, pro se.

BERYL E. McGUIRE, Bankruptcy Judge.

The bankrupt filed a voluntary petition in bankruptcy in the Bankruptcy Court for the District of Hawaii on July 21, 1978. The only debt scheduled was $6,050.00 in government guaranteed educational loans. The matter was transferred to the U.S. Bankruptcy Court for the Western District of New York where a trial on the issue of undue hardship was held on January 29, 1981.

■ Section 1087–3 of the Education Law [1] prohibited discharge of educational loans within five years of the commencement of the repayment period unless repayment would subject the bankrupt to undue hardship. 20 U.S.C. § 1087–3. The purpose for the enactment of the statute was to prevent abuse of the bankruptcy laws by recently graduated students seeking immediate discharge of their educational loans at a time when their assets are at a minimum. *In re Johnson*, 5 BCD 532, 542–43 (B.C., E.D.Pa.1979).

■ Although § 1087–3 itself does not specify criteria by which to gauge undue hardship, case law has developed standards. E. g., *In re Johnson*, supra. To qualify for undue hardship status, a bankrupt's future financial resources must be insufficient to both maintain him at a minimal standard of living and fund repayment of his educational loan. Id. Courts have looked to a bankrupt's current employment status and rate of pay, and vocational plans, skills and education and their interplay with marketability to predict future financial position. Re-

strictions on employability, such as sole responsibility for the care of young children and access to transportation, have been taken into account. The bankrupt's expenses are scrutinized for reasonableness. See, e. g., *In re Hayman*, 4 BCD 932 (B.C., S.D.Fla. 1978); *In re Ewell*, 1 B.R. 311, 5 BCD 1041 (B.C., D.Vt.1979). Should the above comparison of resources and expenses indicate that the bankrupt is unable to both live at a minimal level and repay his educational debt, undue hardship status is not automatically established. Evidence of a lack of good faith or bona fide effort to repay, such as filing before making any attempt at repayment, can negate a resources-expense balance indicative of undue hardship. Further, where the student loan is the sole or primary debt scheduled, discharge is inconsistent with the Congressional policy evidenced by § 1087–3.

■ Mr. Rossotto, who appeared pro se, graduated from the University of Hawaii with a bachelor of science degree in food and nutrition in May of 1977. His educational debts, totaling $6,050.00, matured nine months later, that is, on March 1, 1978. He did not begin paying on his debt because, according to his testimony, he intended to file a bankruptcy petition. He did so in July of 1978.

Mr. Rossotto, age 27 and in excellent health, presented a promising picture of his future financial situation. He is diligently beginning his own photography business, which earns approximately $800.00 per month. Also, he is employed, albeit part-time, as a nutritionist, earning $380.00 a month. His expenses reflect not only his personal maintenance requirements, but those of his photography business, including capital investments in equipment. Mr. Rossotto's personal expenses include $120.00 per month in car payments for a 1979 automobile, as well as $65.00 in automobile insurance and $30.00—$40.00 in automobile maintenance.

Mr. Rossotto has not established undue hardship. To the contrary, he has present-

1. This section was repealed by Act Nov. 6, 1978, P.L. 95–598, Title III, § 317, 92 Stat. 2678.

ed convincing evidence of future financial success. His business and automobile-related expenses are not necessary to maintain him at a minimal standard of living. In fact, Mr. Rossotto is the prototype of the individual to whom § 1087–3 applies. The fresh start policy of the bankruptcy laws was specifically not intended to apply to recently graduated students seeking to discharge educational loans. Repayment of his educational loan would not impose an undue hardship on him.

Accordingly, judgment shall be entered in the amount of $6,050.00, plus interest from March 1, 1978.

So Ordered.