In re James **NICHOLS**, Debtor.

James **NICHOLS**, Plaintiff,

v.

**REGENTS OF the UNIVERSITY OF CALIFORNIA; University of California at Davis, Defendant.**

Bankruptcy No. 181–00014.
Adv. No. 181–0066.

United States Bankruptcy Court,
D. Maine.

Nov. 10, 1981.

Jane Orbeton, Smith, Stein & Bernotavicz, Hallowell, Me., for debtor.

Donald L. Reidhaar, Martha M. Chase, Berkeley, Cal., for defendant.

## MEMORANDUM OPINION

FREDERICK A. JOHNSON, Bankruptcy Judge.

■ Plaintiff seeks a determination that his debt to the Regents of the University of California for three outstanding student loans in the aggregate amount of $5,467.32 imposes an undue hardship on him and should be discharged. Ordinarily educational loans are not discharged in bankruptcy, Bankruptcy Code § 523(a)(8), unless the debtor, through proof of extraordinary circumstances, demonstrates that this status unreasonably hinders his fresh start, *In re Densmore*, 8 B.R. 308, 7 BCD 271, 272 (Bkrtcy.N.D.Ga.1980); 11 U.S.C. § 523 (a)(8)(B). Mere inconvenience, an austere budget, financial adversity and a poor, present employment situation are not grounds for including such debts among those discharged in bankruptcy. *See In re Johnson*, 5 BCD 532, 536 (E.D.Penn.B.J. 1979); *In re Kohn*, 5 BCD 419, 424 (S.D.N.Y.B.J.1979); H.Rep. No. 137 part 2, 93rd Cong., 1st Sess., 1973, 140–41.

■ Initial examination of the Debtor revealed a well educated and articulate individual whose prospects should be encouraging. However, the Debtor has been unable to obtain or retain suitable employment because of a history of psychiatric disorders and related problems with alcohol.

In an effort to help himself he is presently enrolled in a two year program with the Kennebec Valley Comprehensive Alcoholism Treatment Program at Waterville, Maine. The Debtor has completed the inpatient portion of the program and has abstained from the use of alcohol for nine months. He is active in alcoholics anonymous.

In spite of his efforts the Debtor will be unable to function at more than a subsistance level for a substantial period and perhaps for the rest of his life. He is unable to cope with a stressful job or situation.

In view of the unique facts of this case the Court must find that excepting his educational loan from discharge will impose an

undue hardship on the Debtor within the intent of 11 U.S.C. § 523(a)(8)(B).

An appropriate order will be entered.