In re Nancy Bird LA CHANCE, Debtor.

Bankruptcy No. 279–00667.

United States Bankruptcy Court,
D. Maine.

March 10, 1982.

Matthew Goldfarb, Portland, Maine, for debtor.

Gordon Grimes, Bernstein; Shur, Sawyer & Nelson, Portland, Maine, for University of Maine.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The Debtor seeks a determination that her student loan with the University of Maine is dischargeable in bankruptcy.

The Court concludes that excepting this student loan from discharge will impose an undue hardship on the Debtor and her dependents.[1]

The Debtor, a divorced mother of two minor children, suffers from emotional and physical problems which makes it impossible for her, in the foreseeable future, to generate income sufficient to maintain herself and her children above the poverty level. In addition, both children are in poor health. The oldest child, age 11, suffers from an ear defect and a disorder with her urethra. The other child, age 6, also suffers from an ear problem, and in addition, a heart condition.

The Debtor is presently unskilled but is attending school in the hope that she can make a future for her children and herself. It will be many years before she is able to obtain gainful employment. The Debtor has no assets except her clothing and a few household furnishings. *See In re Nichols*, 15 B.R. 208, 5 C.B.C.2d 658 (Bkrtcy.D.Me. 1981); *In re Johnson*, 5 B.C.D. 532 (Bankr. D.Pa.1979).

An appropriate order will be entered.

1. 11 U.S.C. § 523. Exceptions to discharge. (a) A discharge under section 727 . . . does not discharge an individual debtor from any debt—
   . . .
   (8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a non-profit institution of higher education, unless—. . .
   (B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents; . . .