In re Aaron M. FISCHER, Diane J. Fischer, Debtors.

Aaron M. FISCHER, Diane J. Fischer, Plaintiffs,

v.

STATE UNIVERSITY OF NEW YORK, Columbia University, Dime Savings Bank of New York, New York State Higher Education Services Corp., Defendants.

Bankruptcy No. 5–81–00144.
Adv. No. 5–81–0014.

United States Bankruptcy Court, W. D. Kentucky.

Oct. 1, 1982.

J. William Phillips, Murray, Ky., for debtors.

Alan Sears, Asst. U. S. Atty., Louisville, Ky., for N.Y. Higher Ed. Serv.

Mark Whitlow, Paducah, Ky., for Columbia University; Byron Golden, co-counsel, New York City.

MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Of all the many suppliants for financial relief who come before this and other bankruptcy courts, few, as a class, inspire less sympathy than the well-educated beneficiaries of student loans seeking to avoid those debts on the ground of undue hardship. This is another such case.

Debtors Aaron and Diane Fischer petitioned for the discharge in bankruptcy of $25,049 in student loans obtained from the State University of New York, Columbia University, Dime Savings Bank of New York and New York State Higher Education Services Corporation. The institutional lenders predictably opposed the discharge.

The matter came to full trial inevitably, since every undue hardship case comes to rest, finally, on its specific facts. It is upon our observation and understanding of the testimony at the trial and other proof of record that the following findings and conclusions are based.

Aaron Fischer is a poet and teacher of poetry. At the time of the trial he was employed as an assistant professor at Murray State University, his first permanent full-time job, earning $17,300 a year. He is an honor graduate of State University of New York at Old Westbury, majoring in the comparative history of ideas and cultures. He was awarded a fellowship in obtaining his master's degree at Columbia University. His published writings as a poet have earned him a total of $85. As a student he held temporary employment as a delicatessen clerk, and in the production of academic journals. At Murray State, he is without tenure and anticipates dismissal.

Fischer consults weekly by telephone with a New York psychiatrist for an emotional condition which Fischer describes as "ambulatory schizophrenic" or "borderline psychotic." The telephone consultations cost several thousand dollars a year. He has not been hospitalized, nor does he claim a disability requiring institutional treatment. His wife testified that for days at a time he would be "unable to cope," remaining in bed or reading.

Diane Fischer received her B.A. degree from State University of New York at Old Westbury and her M.A. from City University of New York, Queens College. She was a special education teacher licensed by the City of New York Board of Education. She has made no effort to obtain certification as a teacher in Kentucky. She earned $1,182 in 1980 as a visiting lecturer at Murray State University. She has not worked since learning of her pregnancy in 1981, choosing to devote herself exclusively to a successful pregnancy, birthing and nurturing of the infant.

Emotional dysfunction is the only substantial ground of undue hardship alleged by Mr. Fischer. He points to the expense of a sodium-free diet made necessary by high blood pressure, a claim to which we assign a de minimis value. Mrs. Fischer's claim of undue hardship, so far as we can gather, rests upon those circumstances of sacrifice surrounding motherhood, universally acknowledged by society but unrewarded by bankruptcy law.

Even knowing as we do that each undue hardship case requires less in the way of legal scholarship than in basic human sympathy, we nevertheless consult the case law for guidance. In re Nichols, 15 B.R. 208, 209 (Bkrtcy.D.Me.1981), relied upon by petitioners, involved an alcoholic with attendant psychiatric disorders who was undergoing a two-year program of institutional treatment at the time of trial. The court found that he would "be unable to function at more than a subsistence level for a substantial period and perhaps for the rest of his life." The discharge was granted based upon that finding. The institutional confinement and extended treatment make that case distinguishable; the sparse two-page opinion provided no additional analogue.

In re Barrington, 7 B.R. 267 (Bkrtcy.W.D. N.Y.1980), rejected a claim of undue hard-

ship by a petitioner who had suffered from severe depression for her entire life, as had her mother and grandmother. Of that case it could be said, to paraphrase a famous line of Mr. Justice Holmes, that even three generations of depression is not enough.

Other cases suggest that the voluntary selection of a curriculum leading to an unremunerative occupation does nothing to enhance a claim of undue hardship. Musicians have been denied the discharge of student loans,[1] as have psychiatrists working in poverty areas,[2] social workers,[3] nutritionists [4] and teachers.[5]

It is a persistent truth that those who strive toward the betterment of the human condition in nonpecuniary ways receive rewards of like kind. Poets and thinkers are of that breed; they make that sacrifice to the muses of which Diogenes spoke.[6]

We have no doubt that Mr. Fischer's emotional condition imposes a hardship, and it is one for which the court has true sympathy. But the hardship is aggravated, and his duress made more severe, by his conscious election of career alternatives, both during his education and after. And the hardship, on the facts of the case, is not "undue." Informed free choice of one's chosen pursuits is to be respected and even encouraged, but not to the extent of the judicial forgiveness of debt because of hardships that are both foreseeable and voluntarily assumed.

The student loan indebtedness is declared to be nondischargeable; an appropriate order shall be entered today.

---

**1.** *In re Warren*, 6 B.R. 233 (Bkrtcy.S.D.Fla. 1980).

**2.** *In re Mills*, 4 B.R. 429 (Dist.Ct.S.D.Ga.1978).

**3.** *In re Packer*, 9 B.R. 884 (Bkrtcy.D.Mass. 1981); *In re Henry*, 4 B.R. 495 (Bkrtcy.S.D.N.Y. 1980).

**4.** *In re Rossotto*, 10 B.R. 378 (Bkrtcy.W.D.N.Y. 1981).

**5.** *In re Conard*, 6 B.R. 151 (Bkrtcy.W.D.Ky. 1980).

**6.** Diogenes Laertius, *Xenocrates* 3.