**In re Douglas A. DRESSER, Debtor.**

**Douglas A. DRESSER, Plaintiff,**

v.

**UNIVERSITY OF MAINE, Maine National Bank, United Student Aid Funds, Inc., Maine Savings Bank, Northeast Bank of Lewiston and Auburn, Peter C. Fessenden, Esquire, Trustee, Defendants.**

**Bankruptcy No. 282–00079.**
**Adv. No. 282–0341.**

United States Bankruptcy Court,
D. Maine.

Sept. 13, 1983.

---

**64**

Murrough H. O'Brien, Portland, Me., for plaintiff.

Charles Miller, Bernstein, Shur, Sawyer & Nelson, Portland, Me., for Univ. of Maine, defendant.

John F. Dana, Portland, Me., for United Student Aid Funds, Inc., defendant.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The debtor, Douglas Dresser, seeks a determination that his debts for government guaranteed educational loans are dischargeable. The court concludes that excepting these debts from discharge would impose an undue hardship on the debtor and, therefore, that the debts are dischargeable.

Between 1975 and 1981, the debtor attended the University of Southern Maine. During the course of his education, he borrowed approximately $24,000 in government guaranteed student loans, which are the subject of this dispute. Upon graduation, he received an undergraduate degree in vocational technical education and a graduate degree in science and adult education. In December of 1981, after an unsuccessful attempt to enter medical school, the debtor began working as a vocational counselor at a home for emotionally disturbed children.

Prior to and during his employment at the children's home the debtor began suffering from severe headaches and blurred vision. In May of 1982 he took a leave of absence from his job to seek medical help. He was hospitalized at a veterans hospital for six weeks during June and July of 1982. He was subsequently diagnosed as suffering from chronic and delayed posttraumatic stress disorder. According to the debtor's psychiatrist, who testified at the hearing, posttraumatic stress disorder is the "development of characteristic symptoms following a psychologically traumatic event outside the range of usual human experience." The traumatic events that brought on the debtor's posttraumatic stress disorder occurred during his service in Vietnam in 1967 and 1968 as a Navy corpsman assigned to a Marine Corps unit engaged in combat with the enemy. It is not unusual for symptoms of posttraumatic stress disorder to occur for the first time many years after the traumatic event or events.

After his hospitalization the debtor was unable to go back to his job at the children's home because he could not obtain a doctor's certificate declaring him capable of performing his work. He was again hospitalized during January and February of 1983. Since his release he sees a local psychiatrist twice a week. He takes medication daily for depression, headaches, and to enable him to sleep at night. Both his psychiatrist and the doctors at the veterans hospital consider the debtor unemployable. The debtor's psychiatrist testified that the debtor's current symptoms could go on indefinitely, possibly for the remainder of his life. The psychiatrist also testified that it is possible that significant progress could be made in the next year.

The debtor's personal and financial picture is bleak. He is currently married, and his wife receives $12,000 per year in salary. The evidence indicates, however, that the marriage is troubled, and the debtor cannot rely on his wife's income. The debtor receives $220 per month from the Veterans Administration in compensation benefits for a 30% disability due to the posttraumatic stress disorder. He has two children from a previous marriage and is under a legal obligation to support them at the rate of $20 per week. He is currently obligated for nondischargeable support arrearages in

the amount of $2,500 to $3,000. He has made no payments on his educational loans.

On February 23, 1982, the debtor filed a petition under chapter 13. The case was converted to chapter 7 on September 22, 1982. The debtor filed a complaint to determine the dischargeability of student loan debts against the University of Maine, United Student Aid Funds, Inc., Maine National Bank, Maine Savings Bank, and Northeast Bank of Lewiston and Auburn. The banks subsequently assigned their debts to United Student Aid. The issue is whether or not the repayment of these debts would impose an undue hardship on the debtor and his dependents.

The dischargeability of student loans is determined by section 523(a)(8) of the Bankruptcy Code. 11 U.S.C.A. § 523(a)(8) (1979). Section 523(a)(8)(B) provides:

> A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution of higher education, unless—excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

To satisfy section 523(a)(8)(B), the debtor must show, "through proof of extraordinary circumstances," that nondischargeability would unreasonably hinder his fresh start. *Nichols v. Regents of the University of Calif. (In re Nichols)*, 15 B.R. 208, 209 (Bkrtcy.D.Me.1981). For a court to find a student loan nondischargeable, the debtor must demonstrate that it would be impossible "in the foreseeable future" for him to generate enough income to pay off the loan and maintain himself and his dependents above the poverty level. *In re La Chance*, 17 B.R. 1023, 1023 (Bkrtcy.D.Me.1982).

The evidence presented in this proceeding indicates that the debtor is unemployable for the foreseeable future. Although the debtor's psychiatrist testified that the debtor could improve within a year, he also stated that the debtor could remain unemployable indefinitely. The court certainly cannot make a better prediction. *Cf. New York State Higher Education Services Corp. v. Barrington (In re Barrington)*, 7 B.R. 267, 268 (Bkrtcy.W.D.N.Y.1980). The debtor cannot, in the foreseeable future, earn enough income to pay off the loans and maintain himself and his dependents above the poverty level. Nondischargeability would clearly, therefore, impose an undue hardship on the debtor and his dependents.

An appropriate order will be entered.