In the Matter of Carol A. DIAZ, Debtor.

Carol A. DIAZ, Plaintiff,

v.

NEW YORK STATE HIGHER EDUCA-
TION SERVICES CORPORATION and
Lincoln First Bank, N.A., Defendants.

Bankruptcy Nos. 79–24103, 80–2020A.

United States Bankruptcy Court,
W. D. New York.

July 17, 1980.

———

Lacy, Katzen, Jones & Ryen by David D.
MacKnight, Rochester, N. Y., for plaintiff.

Michael Roulan, Geneva, N. Y., for de-
fendant.

\* Emphasis Added.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy
Judge.

The debtor filed under Chapter 7 of the Bankruptcy Code and commenced an action to have her student loan discharged under § 523(a)(8) of the Bankruptcy Code. New York State Higher Education Services Corporation paid off Lincoln First Bank, N.A. on the loan and Lincoln First Bank, N.A. was dropped during the pretrial procedure. All matters have been stipulated except the undue hardship issue and this remains the only issue to be resolved in this lawsuit.

The section involved is § 523(a)(8) of the new Bankruptcy Code and it provides as follows:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) to a governmental unit, or a nonprofit institution of higher education, for an educational loan, unless—

(A) such loan first became due before five years before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph *will impose an undue hardship on the debtor and the debtor's dependents*; . . . \*

Mrs. Diaz is divorced and her former husband is confined to a mental clinic. She has four children and her age is 45. There are two children living at home; a son 18 and a daughter 16. She finished the ninth grade of school and got a high school equivalency diploma. She went to Monroe Community College part of 1975, 1976, 1977 and 1978. She received no degree because each semester that she went to school she was absent because of illness for one to two months.

Mrs. Diaz has had a series of illnesses. She has been confined to R-wing, the psychiatric wing, in Strong Memorial Hospital in Rochester, New York. She had a number of different surgeries. In 1979, she suffered a heart attack. She needs surgery

in the future for female problems and her work day is limited by the trouble she has with her legs and feet.

When Mrs. Diaz is employed, she works for the Monroe County Development Center as a dietary supervisor. When working, she brings home $279.00 every two weeks, net pay. Because of her physical problems, she works only half a day. The 16 year old daughter, who lives at home, receives a $177.10 a month in social security payments from the former spouse. Mrs. Diaz's total take home pay when working amounts to $592.88 per month. Mrs. Diaz owns the home she lives in. It was bought in 1978 for $11,500 and there presently is a mortgage of some $10,800. She drives a 1978 Chevrolet car which has a lien on it for about $8,000. She is not currently paying for the car. She uses the car for transportation for her and her family.

Mrs. Diaz's expenditures follow. Her mortgage payments are $166 per month. Utilities payments average $152 per month and her phone bill is $17 per month. She pays $150 for food for herself and the children each month. Her insurance on the house amounts to $21.25 per month. She allows in her budget $25 a month for clothes for her and the children. Her auto insurance amounts to $28 per month. It costs her $8 per month for water rents and $8 per month for sewage tax. She spends about $85 a month on gas. She has an alcoholic problem and she pays AA, which she attends daily, $3.50 a week. She owes a number of doctors whom she pays when and if she has the money.

Her daughter has teeth problems and needs to attend a psychiatric clinic. The daughter has not been having the teeth taken care of nor attending the psychiatric clinic because of lack of funds. Mrs. Diaz needs an operation for female problems and needs a hearing aid, neither of which she has been able to afford. She is currently paying $663.75 out of the $592.88 which she brings home as pay when she's working and the daughter who receives the $177.10 in social security contributes the rest.

When and if Mrs. Diaz takes time out to have the operation she needs, there will be no supplementary income for the period she is away from work. When asked how she managed to feed three people on $150 per month, she replied they eat a lot of spaghetti. New York State Higher Education Services Corporation is willing to accept $10 a month.

In the opinion of this Court, this is a classic hardship case. The debtor is spending more money per week than she takes in. To pay anything on the student loan, would work an undue hardship both upon the debtor and upon the debtor's dependents. Therefore, the debt to New York State Higher Education Services Corporation is dischargeable under § 523(a)(8)(B) and it is so ordered.

This Memorandum and Decision shall constitute Findings of Fact and Conclusions of Law in accordance with Rule 752 of the Rules of Bankruptcy Procedure.