In the Matter of Lucille E. RICHARD-SON, Chester E. Richardson, Debtors.

**Lucille E. RICHARDSON, Plaintiff,**

v.

**STATE OF OHIO, UNIVERSITY OF CINCINNATI, Defendant.**

Bankruptcy No. 1–82–00842.
Adv. No. 1–82–0328.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Jan. 12, 1983.

Roger R. Chacksfield, Cincinnati, Ohio, for plaintiff.

Louise Roselle, Cincinnati, Ohio, for defendant.

RANDALL J. NEWSOME, Bankruptcy Judge.

This matter is before the Court pursuant to a Complaint filed by Lucille E. Richardson to determine the dischargeability of a student loan under 11 U.S.C. § 523(a)(8).

Pursuant to a trial on the merits held on January 3, 1983, the Court hereby submits its Findings of Fact, Opinion and Conclusions of Law:

*Findings of Fact*

1. Between 1973 and 1976 plaintiff received some $2573.40 in National Direct Student Loans to help finance her course of study at the University of Cincinnati. Plaintiff had five children ranging in ages from 3 to 8 years at the time she first applied for and received her student loans.

2. In June of 1976 plaintiff separated from the University of Cincinnati without receiving a degree.

Originally, her student loans were to become due and owing as of June, 1977. However, she received thirty-three months of deferments which extended the due date to early 1980.

3. Plaintiff apparently made no payments on the debt, and on March 1, 1982 defendant obtained a judgment for the entire amount due and owing on the loans. One payment of $75.00 was made on the loans in September of 1982 resulting from a garnishment of plaintiff's wages.

4. The plaintiff is presently employed as a financial counsellor at Cincinnati Technical College, from which she graduated with a degree. She is presently earning $365.67 in net wages bi-weekly. Her husband is a police officer for the City of Lincoln Heights, Ohio and is presently earning $489.00 in net wages bi-weekly. Plaintiff's response to defendant's interrogatory number 5 [1] lists the following as monthly living expenditures for the Richardson family:

| | |
|---|---|
| Water Bill | $ 85.00 |
| Rent | $375.00 |
| Utilities | $200.00 |
| Food | $800.00 |
| Clothing | $500.00 |
| Medical | $200.00 |
| Garbage | $ 30.00 |
| Phone | $ 30.00 |
| Furniture | $ 35.00 |
| Car Bills | $140.00 |
| Internal Revenue | $171.00 |
| Lunch Money | $140.00 |
| Gas | $150.00 |
| Bus | $ 22.00 |
| School Supplies | $ 30.00 |

The Court and counsel examined plaintiff regarding these figures. She first stated that the $500. figure for clothing was a yearly, not a monthly expenditure. Upon questioning by her attorney, she amended that figure again, indicating that she probably spent an additional $200.00 per year on clothes for the family. She also stated that the $200.00 figure for medical expenses was a yearly, not a monthly expenditure, and that the $30.00 figure for garbage collection was a quarterly, not a monthly expenditure. From plaintiff's testimony, it is reasonable to assume that the household's $85.00 water bill is also a quarterly rather than monthly expenditure.

No explanation was provided for the monthly payment of $171.00 to the Internal Revenue Service. Presumably, most, if not all, of this tax is withheld from the gross amounts of the Richardson's paychecks, rather than being paid out of their net take home pay.

5. Until recently the Richardsons owned two cars, a 1973 Lincoln Continental Mark IV, and what plaintiff estimated to be a 1970 or 1971 Volkswagon Dasher [2], which they voluntarily relinquished in August of 1982. According to plaintiff's testimony, the Lincoln Continental was purchased in June of 1982. Her response to interrogatory 5 lists a car payment of $140.00 per month. Thus it would appear that the Richardson's monthly expenditures will be reduced by $140.00 per month, since their one remaining automobile will be fully paid for within the next several months.

*Opinion*

■ As this Court noted during the trial of this matter, the debtor's burden of proof for establishing the dischargeability of an educational loan covered by 11 U.S.C. § 523(a)(8) is a difficult one to meet. The legislative history indicates that Congress intended it to be so. The debtor cannot prevail by merely showing that excepting the loan from discharge will impose a hardship or inconvenience. He must show that it will impose an *undue* hardship. As was noted by Judge Perlman in *In Re Mercer,* Adversary No. 1–81–0086 (Bkrtcy., S.D.Ohio 1981):

"A reasonable formulation for the meaning of 'undue hardship' is that in the absence of the student loan the standard

---

1. The interrogatories and responses thereto were admitted into evidence pursuant to stipulation by the parties.

2. The Court notes in passing that according to the current *N.A.D.A. Appraisal Guide* (September through December ed. 1982) for older cars, production of Volkswagen Dashers did not begin until 1974.

of living of the debtors will be reduced below a level which is reasonable considering all of the circumstances. *See, In Re Johnson,* 5 B.C.D. 532, 536 (B.Ct.Pa. 1979)...

There is an obligation of a debtor who is seeking to discharge a student loan as imposing undue hardship to show persuasively that every effort has been made to minimize expenses and to maximize resources."

*In Re Mercer, supra,* at p. 5

This stringent standard has simply not been met in this case. Initially, the Court is compelled to note the marked inaccuracies in plaintiff's calculations of her monthly living expenses as set forth in her responses to defendant's interrogatories, as well as the contradictions in her own testimony.

Putting aside the credibility issue, the evidence does not convincingly establish the existence of undue hardship in this case. The net income of the Richardsons exceeds $22,000.00 per year, not including any overtime pay which Mr. Richardson may earn in the coming year. The plaintiff's projected gross income for 1983 will be over $5000.00 more than her gross income in 1981, and nearly triple her gross income for 1980. There is no reason to believe her income will decrease in the future, particularly in light of the fact that she is skilled and holds a degree. None of the Richardsons is afflicted with a medical condition or disability which would increase their present financial burden. Indeed, their financial burden will be eased somewhat in the coming months after their automobile is paid for.

This Court is neither unmindful nor unsympathetic concerning the cost of raising children, particularly those in their teens; nor do we wish to convey the impression that a family of seven can live in ample comfort on the Richardsons' income. But this Court cannot find on this record that excepting the student loan from discharge "will impose an undue hardship on the debtor and the debtor's dependents ..." as that statutory language has been interpreted in the case law. *Compare, In Re Diaz,* 5 B.R.

253, 2 C.B.C.2d 501 (Bkrtcy.,W.D.N.Y.1980) (debt discharged where debtor was impoverished, physically and mentally disabled, divorced from institutionalized husband, and had four children, one of whom had psychiatric problems) *with, In Re Briscoe,* 16 B.R. 128 (Bkrtcy.S.D.N.Y.1981) (debt not discharged even though expenses exceeded income, since there was not "certainty of hopelessness").

Accordingly, we hold that the plaintiff's student loan is a nondischargeable debt under 11 U.S.C. § 523(a)(8), and that judgment is rendered in favor of the defendant.

### Conclusions of Law

1. This Court has jurisdiction over this action under 28 U.S.C. § 1471(a) and the General Order of the United States District Court for the Southern District of Ohio, entered December 23, 1982.

2. Plaintiff has failed to establish by a preponderance of the evidence that excepting her National Direct Student Loan from discharge will impose an undue hardship on the debtor and the debtor's dependents under 11 U.S.C. § 523(a)(8).

3. It is therefore ORDERED that the debt of the debtor, Lucille E. Richardson, to the defendant, University of Cincinnati, State of Ohio, is nondischargeable and that judgment will be entered in favor of the defendant in the amount of $2498.40 ($2573.40 judgment less $75.00 payment).

4. Pursuant to the defendant's suggestion at the trial, the plaintiff is ordered to pay the defendant $20.00 each month until the entire amount due and owing is repaid.

IT IS SO ORDERED.