In re Carthenia KEENAN, Debtor.

CONNECTICUT STUDENT LOAN FOUNDATION, Plaintiff,

v.

Carthenia KEENAN, Defendant.

Bankruptcy No. 5–83–00122.
Adv. No. 5–84–0097.

United States Bankruptcy Court, D. Connecticut.

Oct. 18, 1985.

---

William S. Fish, Jr., Tyler, Cooper & Alcorn, Hartford, Conn., for plaintiff.

Francis X. Dineen, New Haven Legal Assistance Ass'n, Inc., New Haven, Conn., for defendant.

## MEMORANDUM OF DECISION

ALAN H.W. SHIFF, Bankruptcy Judge.

The plaintiff, Connecticut Student Loan Foundation,[1] brought this adversary proceeding seeking a determination, pursuant to 11 U.S.C. § 523(a)(8),[2] that two loans insured by the plaintiff were not discharged by this court's July 6, 1983 order of discharge on the basis that the loans became due within five years of the debtor's petition for discharge. For the reasons set forth below, I conclude that these loans were discharged by that order.

## BACKGROUND

In August 1975 and January 1976, the defendant obtained two student loans of $750.00 each from the Union Trust Company, a Connecticut banking institution, to finance vocational training. These loans were insured by the plaintiff. From September 1975 through June 1976, the defendant attended the New Haven Academy of Business for training as a keypunch operator. Under the terms of the notes signed by the defendant, the educational loans were to become due on the first day of the thirteenth month following the month in which the defendant completed her academic program, which in this case was July 1, 1977.

On February 10, 1983, the defendant filed a petition in this court, seeking relief under Chapter 7 of the 1978 Bankruptcy Code. Thus, absent any valid suspension of the repayment period, these loans became due more than five years prior to the defendant's petition for relief and would be dischargeable. The plaintiff, however, gave the defendant two six month deferments,[3] to wit: July 1, 1977 to January 1, 1978, granted on October 26, 1977, and January 1, 1978 to July 1, 1978, granted on August 18, 1978. Both deferments were granted to the defendant as "unemployment deferments".

The issue here is the effect of those deferments. The plaintiff claims that the student loans were not discharged because the effect of those deferments was to suspend the repayment and cause the loans to become due less than five years prior to the defendant's petition. The defendant, on the other hand, asserts that the deferments were invalid, so that the loans were in fact due more than five years prior to the petition, and that the loans are, therefore, dischargeable. Moreover, the defendant asserts that the loans should be discharged as they impose an undue hardship on the defendant and her dependents.

## DISCUSSION

### A

### BURDEN OF PROOF

#### 1.

#### Under § 523(a)(8)(A)

Neither Code § 523 nor the Bankruptcy Rules provides an allocation of the burden

---

1. A nonprofit corporation formed for the purpose of improving educational opportunities by guaranteeing loans for post-secondary education. Conn.Gen.Stat. § 10a–201. (Formerly § 10–358)

2. Code section 523(a) provides in pertinent part:
   A discharge under section 722 ... of this title does not discharge an individual debtor from any debt—
   ... (8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a government unit or a non-profit institution of higher education, unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or
(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

3. Plaintiff's Exhibits 3 and 6 are loan extension agreements purporting to show a request by the debtor for, and the granting of, unemployment extensions. The loan extension requests were submitted by Union Trust to CSLF, the guarantor of the loans, for its approval.

of proof in dischargeability proceedings. Thus, courts are guided by the construction of the particular part of section 523 under consideration, its legislative history and the evolving body of court decisions on that subject.

Although the court in *In re Wright*, 7 B.R. 197 (Bankr.N.D.Ala.1980) was not faced with the task of allocating the burden of proof on the five year issue in post discharge litigation under Code § 523(a)(8)(A), it did recognize that "there will be interesting questions raised involving the burden of proof depending on which party initiates the complaint." *Id.* at 200. The court then observed that "it would appear that the burden is on the creditor to show that the loan first became due before the date of filing the petition. Otherwise the loan is presumed discharged." *Id.* The court in *In re Norman*, 25 B.R. 545 (Bankr.S.D.Cal.1982), following *Wright* held:

> [T]he creditor must establish the existence of the debt, that it is owed to or insured or guaranteed by a governmental agency or a non-profit institution of higher education, and that it first became due less than five years prior to the date the bankruptcy petition was filed.

*Id.* at 548. (citation omitted)

■ A review of the legislative history of Code § 523(a)(8) discloses the congressional view that, as a condition precedent to nondischargeability, the loan must have been made, insured, or guaranteed within five years of the filing of the bankruptcy petition. *See* Senate Report No. 96–230, 96th Cong., 1st Sess. 3 (1979), *reprinted in* 1979 U.S.Cong. and Admin.News 936. It therefore follows that a post discharge student loan creditor who asserts a right to payment on the basis that the debt was not discharged should have the burden of proving that the debt comes within the definition of student loans that are not discharged.

The same result may be reached from a different direction. Since a post discharge student loan creditor would be free to sue on the debt in either state or bankruptcy court, the bankruptcy court having concurrent jurisdiction on such debts, and since a student loan creditor as a plaintiff in a state court action would have the burden of proving that the debt was viable, it is not unfair to impose the same burden upon the creditor in bankruptcy court. *See In re Roberts*, 13 B.R. 832, 835 (Bankr.N.D.Ohio 1981). Moreover, this apportionment is consistent with the parties' relative access to information. A student loan creditor is in the best position to show, through the records which it is required to maintain, that a loan has in fact come due within five years of the filing of a petition. Placement of the burden upon the party in the best position to know the facts to be proven accords with considerations of fairness. *See Keyes v. School District No. 1, Denver, Colo.*, 413 U.S. 189, 210, 93 S.Ct. 2686, 2698, 37 L.Ed.2d 548 (1973); 9 Wigmore on Evidence § 2486 (3d ed. 1940).

Having concluded that the burden of proof is upon the creditor on the five year issue under Code § 523(a)(8)(A), it follows that the burden of proof is also upon the creditor on the issue involving the validity of any suspension of that five year period.

2.

### Under § 523(a)(8)(B)

■ Bankruptcy courts are in general agreement that in student loan dischargeability litigation based upon undue hardship, the burden of proof is upon the debtor for the reason that the assertion of undue hardship is in the nature of an affirmative defense or an exception to the exception of such a debt from discharge. In *In re Norman*, 25 B.R. 545 (Bankr.S.D.Ca.1982) the court quoted the reasoning of Justice Holmes on a similar question:

> By the very form of the law the debtor is discharged subject to an exception, and one who would bring himself within the exception must offer evidence to do so. [citation] But there is an *exception to the exception, ...* and, by the same principle if the debtor would get the benefit of that he must offer evidence to show his right.

*Id.* at 549, *quoting, Hill v. Smith,* 260 U.S. 592, 595, 43 S.Ct. 219, 220, 67 L.Ed. 419 (1923) (emphasis added by court in *Norman* ). *See also, In re Fitzgerald,* 40 B.R. 528, 529 (Bankr.E.D.Pa.1984); *In re Richardson,* 32 B.R. 5 (Bankr.S.D.Ohio 1983).

This allocation is consistent with the legislative history of Code § 523(a)(8) which indicates that this "provision is intended to be self executing and the lender or institution is not required to file a complaint to determine the nondischargeability of any student loan." S.Rep. No. 95–989, 95th Cong., 2d Sess. 79 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5865. The case law and legislative history of this Code section persuade me that the burden of proof on the issue of undue hardship should be on the debtor.

## B.

## DISCHARGEABILITY UNDER CODE § 523(a)(8)(A):

## VALIDITY OF UNEMPLOYMENT EXTENSIONS

■ John A. Kearns, the plaintiff's vice president, testified that at the time the second loan deferment was granted, the plaintiff had regulations which authorized unemployment deferments, but that such deferments would not apply to any period during which the loan recipient was actually employed.[4] Further, deferments would not be proper if the debtor did not request such treatment.[5]

It is apparent from the evidence that on August 18, 1978, the plaintiff granted the defendant a second retroactive unemployment deferment, effective from January 1, 1978 to July 1, 1978,[6] in reliance upon a July 5, 1978 letter[7] from the defendant. The plaintiff's reliance on that letter was misplaced. The letter stated:

I am presently unemployed but I am seeking full time employment. Whenev-

er I secure employment, I will notify you immediately.

The letter does not state that the defendant had been unemployed during the period from January 1, 1978 to July 1, 1978. Nor does the letter request an extension, retroactive or otherwise, of her loan.

On the contrary, the defendant denied that she sought any deferment and specifically testified that she had been fully employed during five of the six months during which the plaintiff gave her the second unemployment deferment. The deferment was therefore not valid. *Cf. In re Crumley,* 21 B.R. 170, 172 (Bankr.E.D.Tenn.1982) (student loan creditor granted deferment for 19 months, 8 months longer than requested by the debtor).

An improper deferment does not suspend the time between the date an educational loan first comes due and the filing of a petition in bankruptcy. *In re Whithead,* 31 B.R. 381 (Bankr.S.D.Ohio 1983); *In re Crumley,* 21 B.R. at 172. Since, here, the second deferment was invalid, the loans first became due more than five years before the defendant's petition was filed, and the debt arising out of those loans is therefore dischargeable.

■ The same result is reached upon an analysis of the first deferment. Even if the defendant was unemployed during the period from July 1, 1977 to January 1, 1978, the period of the first unemployment deferment, the applicable regulations did not authorize unemployment deferments during that period. Under the applicable regulations, deferments were allowable only for periods during which the borrower was in the Armed Forces of the United States, serving in the Peace Corps as a volunteer, or serving as a full-time volunteer under title VIII of the Economic Opportunity Act of 1964. *See* 45 C.F.R. § 177.46(f) (1978).[8]

---

**4.** Tr. Mar. 15, 1985 at 73.

**5.** Tr. Mar. 15, 1985 at 78.

**6.** Plaintiff's Exhibit 6.

**7.** Plaintiff's Exhibit 5.

**8.** 45 C.F.R. § 177.46(f) reads:

(f) *Deferment.* Periodic installments of principal need not be paid, but interest shall accrue and be paid, during any period (1) in which the borrower is pursuing a full-time

### C.
### DISCHARGEABILITY UNDER CODE § 523(a)(8)(B):
### UNDUE HARDSHIP

 It is a well recognized principle of construction that statutes are to be construed so that they carry out legislative intent. That is, the language of a statute should be read with the assumption that the legislative branch chose particular words to accomplish a specific purpose. *Rockefeller v. Commissioner of Internal Revenue Service*, 676 F.2d 35, 36 (2d Cir. 1982). Under the guidance of that rule, bankruptcy courts have uniformly applied Code § 523(a)(8)(B) narrowly. It is not enough that a student loan imposes a hardship upon the debtor and the debtor's dependents. Most, if not all, debtors could make such a claim in good faith. To qualify for discharge, the debt must be an "undue hardship."

As the court in *In re Brown*, 18 B.R. 219, 222 (Bankr.D.Ka.1982) observed:

> The Code does not define "undue hardship" ... it seems universally accepted, however, that "undue hardship" contemplates unique and extraordinary circumstances. Mere financial adversity is insufficient, for that is the basis of all petitions in bankruptcy.

*See also, In re Fischer*, 23 B.R. 432, 433 (Bankr.W.D.Ky.1982); *In re Densmore*, 7 B.C.D. 271, 272, 8 B.R. 308 (Bankr.N.D.Cal. 1980).

The evidence in this proceeding demonstrates that the defendant supports herself and her three sons. One of the defendant's sons is unable to work because of a psychiatric disability. The defendant has endured many surgical procedures. She suffers from serious, chronic medical conditions, including hypertension, for which she cannot afford prescribed medication. The defendant's net income is well below the federal poverty guideline, and her expenses significantly exceed her monthly income. Moreover, it appears that the defendant's illnesses will continue to adversely affect her employability, and it appears highly unlikely that her monthly income will, in the foreseeable future, exceed her expenses.

Having analyzed the evidence in this proceeding, including the defendant's testimony, I am persuaded that the defendant has sustained the burden of proving that repayment of the student loans would impose an undue hardship upon her and upon her dependents, and therefore the debt arising out of the student loans is dischargeable. *Cf. In re La Chance*, 17 B.R. 1023 (Bankr. D.Me.1982) (impossible for debtor to generate enough income in foreseeable future to pay off loan and maintain debtor and dependents above poverty level); *In re Diaz*, 5 B.R. 253, 254 (Bankr.N.D.N.Y.1980) (debtor spending more money per week than she earns). *Cf. In re Dresser*, 33 B.R. 63 (Bankr.D.Me.1983) (no prospect for relief from medical symptoms adversely affecting debtor's employability); *In re Connolly*, 29 B.R. 978 (Bankr.M.D.Fla.1983).

### CONCLUSION

For the foregoing reasons, the two educational loans insured by the plaintiff are dischargeable pursuant to Code § 523(a)(8)(A) and (B), they were discharged by the July 6, 1983 order of discharge, and judgment may enter accordingly.

---

course of study at an eligible institution, (2) not in excess of 3 years, during which the borrower is a member of the Armed Forces of the United States, (3) not in excess of 3 years during which the borrower is in service as a volunteer under the Peace Corps Act or (4) not in excess of 3 years during which the borrower is in service as a full-time volunteer under title VIII of the Economic Opportunity Act of 1964. Where repayment of the loan is deferred, the minimum or maximum periods allowed for repayment of the loan provided for in paragraph (e) of this section.