In re Barry Lee CARDWELL & Theresa C. Cardwell, Debtors.

Barry Lee CARDWELL & Theresa C. Cardwell, Plaintiffs,

v.

HIGHER EDUCATION ASSISTANCE FOUNDATION, Defendant.

Bankruptcy No. 88–04927–C.
Adv. No. 88–0737–C.

United States Bankruptcy Court,
W.D. Missouri, C.D.

Jan. 26, 1989.

William Patrick Cronan, Columbia, Mo., for plaintiffs.

Gregory K. Laughlin, St. Louis, Mo., for defendant.

Rick Griffin, Kansas City, Mo., Asst. U.S. Atty.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtors filed their complaint to discharge their guaranteed student loans after filing their joint petition for relief under Chapter 7. The alleged basis for the dis-

charge is based on undue hardship as set out in 11 U.S.C. § 523(a)(8). Debtors, between the two of them, had scheduled twelve student loans totaling $37,979.20, along with $4,223.20 in other debts which were secured and $8,009.26 in debts which were unsecured. Thus, of debtors' total scheduled indebtedness of $50,211.66, almost 76% of their obligations were guaranteed student loans. Further, debtors had reaffirmed their secured debt and a substantial portion of their unsecured debt, creating an almost perfect example of a prohibited single purpose bankruptcy, i.e., elimination of education debts and a "fresh start" based on the benefits of their educational qualifications created at the taxpayers' expense. To further emphasize debtors' purpose, debtor Theresa Catherine Cardwell had finished her student loan education in May of 1988; procured initial employment as a registered nurse at a salary in excess of $20,000.00 per year; had potential advancement in the next five to ten years to a salary in excess of $40,000.00 per year; and joined in this petition before the ink was dry on her final degree, much less before the first payment was due on any of her student loans. These facts alone would negate dischargeability of said loans, or so it would be the belief of this Court based on the Congressional history of the guaranteed student loan legislation vis-a-vis bankruptcy.

Moreover, debtors also failed to establish undue hardship as a basis for dischargeability. Not only is Mrs. Cardwell a registered nurse with a well paid job and excellent prospects for increased income, Mr. Cardwell is also a registered nurse (or medical technician) educated at student loan expense. He also has well paid employment but is presently working only part time due to a medical condition. There was no evidence before the Court that said condition was permanent and that he would not be able to work full time in the future. It must be remembered that the Court in considering the issue of undue hardship, is required to consider the long term prospects of the applicants, not merely the short term or immediate conditions. *Brunner v. New York State Higher Edu-*

*cation Services,* 831 F.2d 395 (2nd Cir. 1987). Debtors totally failed to prove long term conditions that would constitute undue hardship. Finally, reviewing debtors' budget, the Court believes that taking into account the reaffirmation of an unsecured debt, the substantial amount budgeted for child care, as well as entertainment and the like, debtors can afford to repay their student loans which they have incurred in obtaining their positions of well paid hourly employees.

The student loan program (at least in concept) is one of the kindest and gentlest programs ever devised by our government. Ideally it allows those less fortunate economically to lift themselves to a better economic future by financing their education and training and only then repaying the funds advanced to them for educational needs from the enhanced income that said education allows them to earn. Theoretically, it provides the financial backup for those with the desire to better their prospects. Certainly, in this case, debtors have enhanced their financial prospects by virtue of their educational loans. There was no valid reason advanced that they should not repay the funds that were so beneficial in creating their present improved economic potential.

The complaint of debtors is DENIED as to each guaranteed student loan. The Counterclaim of Higher Education Assistance Foundation (the only party to request such relief) is granted and judgment ORDERED against debtors for that entity's $10,759.22 principal plus simple interest at 7% per annum from December 16, 1988, together with 15% attorney fees and costs.

This Opinion constitutes Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.

SO ORDERED.