In re Donald Wayne DOYLE, Debtor.

Donald Wayne DOYLE, Plaintiff,

v.

HIGHER EDUCATION ASSISTANCE FOUNDATION, U.S. DEPARTMENT of EDUCATION, and Bank IV Wichita, N.A., Defendants.

Bankruptcy No. 88–09011.
Adv. No. 88–0934.

United States Bankruptcy Court,
N.D. Alabama.

Oct. 4, 1989.

Amy A. Slayden, Huntsville, Ala., for plaintiff.

Richard K. Mauk, Leeds, Ala., for Higher Assistance Foundation.

FINDINGS OF FACT AND CONCLUSION BY THE COURT ON DISCHARGEABILITY OF EDUCATIONAL LOAN

L. CHANDLER WATSON, Jr.,
Bankruptcy Judge.

*Introduction—*

The above-styled chapter 7 bankruptcy case is before this Bankruptcy Court as a result of the voluntary petition filed by the debtor, Donald Wayne Doyle, under title 11, chapter 7, United States Code, on September 16, 1988. By a complaint filed December 12, 1988, the debtor instituted the above-styled adversary proceeding against the U.S. Department of Education and the defendant bank, for a determination by the Court that the debtor's obligation for a loan which he had obtained from said bank constituted a dischargeable debt in this bankruptcy case.

On January 13, 1989, Higher Education Assistance Foundation (hereinafter referred to as "HEAF") moved to intervene and be joined as a defendant and filed an answer and a counterclaim. On January 27, 1989, the Court granted the request by HEAF. The answer and counterclaim seek to have the Court deny relief to the debtor and instead to enter a judgment in favor of HEAF and against the debtor in the sum of $2,310.00, plus interest from July 28, 1988, at 8% per annum, upon the debt referred to in the debtor's complaint, plus attorneys' fee and "cost of collection".

On June 5, 1989, the debtor and HEAF filed a joint motion for summary judgment and a stipulation of facts to be considered by the Court, with the other two defendants taking no actual role .in this litigation.

*Findings of Fact—*

Except for the fact that the debtor was granted a discharge in this bankruptcy case on September 13, 1988, of which the Court takes judicial notice, the facts to be considered by the Court in acting upon the joint motion for summary judgment are set forth in the stipulation of facts by the

debtor and HEAF, which the Court adopts as facts found herein.

### Finding of Ultimate Fact and Conclusion by the Court—

In the joint motion for summary judgment, the debtor and HEAF assert that the only issue to be determined by the Court is whether "the student loan of the Plaintiff [debtor] is due to be discharged due to undue hardship upon the Plaintiff and his dependents, pursuant to 11 U.S.C. Section 523(a)(8)(B)." In essence, the congressional statute provides, in the present context, that the debtor's discharge does not relieve him of liability "for an educational loan made, insured, or guaranteed by a governmental unit"; however, the exception to the debtor's discharge does not apply if the exception "will impose an undue hardship on the debtor and the debtor's dependents." [1] An additional provision makes the exception to discharge inapplicable to any student loan which first became due five years or more (excluding periods of repayment suspension) before the date of the filing of the bankruptcy petition,[2] but that provision is not involved here, because the first installment payment on this student loan became due September 1, 1988.

The debtor is a 29–year old man who earns approximately $1,000.00 per month, at an hourly wage of $7.70, as a truck driver—a job which he has held for the past ten years. The student loan arose from the debtor's enrollment in a school for training truck drivers, but "[d]ue to the impending divorce between [the debtor and his wife, the debtor] was unable to attend the training sessions." At the time of the stipulation filed June 5, 1989, the debtor resided on a farm where he performed work in lieu of paying rent for his quarters, but the debtor's living expenses were due to increase as he did not intend to continue to reside on the farm.

The debtor was paying $89.00 per month on a bank loan for his wife's vehicle, but the payments should have been completed in August, 1989. The debtor was making payments of $200.00 per month, which were due to continue to or through May, 1991, on a bank loan, which "Frank Doyle" had obtained for him in order to permit the debtor to purchase a 1982 model Dodge truck. The debtor had monthly expenses for health insurance of $40.00, car insurance of $28.34, gasoline and vehicular maintenance of $120.00, groceries and meals of $400.00 and long-distance telephone charges of $25.00; but the debtor's parents were also assisting him by purchasing groceries for him at an expense of $130.00 per month.

At the time of the stipulation, the debtor had been ordered to pay $300.00 per month support for his children, ages four and five, and was incurring medical expenses of approximately $15.00 per month for the two children. The debtor had incurred a liability of $750.00 for attorney's fees in the divorce proceeding, and it was anticipated that his child-support obligations would increase as the children advanced in age. A tuition refund of $315.00 had been applied to the student loan, but the debtor had made no payment himself.

■ A creditor seeking to establish that the debt owed to it is excepted from a debtor's chapter 7 bankruptcy discharge has the general burden of proof to establish the exception to the remedial effect of the discharge provisions and to the congressional purpose to provide the debtor with a "fresh start." *In re Norman,* 25 B.R. 545, 547 (Bankr.S.D.Cal.1982). It, thus, has been said that a party in interest who asserts that a "student loan" is excepted from the debtor's discharge by virtue of 11 U.S.C. § 523(a)(8) has the burden of proving that the debt is in fact an educational loan, that it was made, insured, or guaranteed by a governmental unit or was made under a program funded in whole or in part by a governmental unit or a nonprofit institution, and that the loan first became due less than five years before the date of the filing of the bankruptcy petition. *Id.* at 548; *In re Keenan,* 53 B.R. 913, 915–16 (Bankr.D.Conn.1985); *cf. In re*

---

**1.** 11 U.S.C. § 523(a)(8)(B).

**2.** 11 U.S.C. § 523(a)(8)(A).

*Wright,* 7 B.R. 197, 200 (Bankr.N.D.Al. 1980) (musing).[3] In the present case, all of that burden has been met by facts contained in the stipulation filed.

The Court, then, is left to determine from the debtor's circumstances whether he and his dependents will suffer an undue hardship, if not shielded from liability on his student loan by the bankruptcy discharge.

As for the debtor's two children, they are reasonably well-shielded from the adverse effects of the debtor's liability for the student loan by virtue of the State Court order that he pay $300.00 per month for support of the children. Presumably this will be paid—or payment will be enforced—except should the debtor's financial circumstances become so distressed as to threaten his ability "to keep body and soul together." There is no proof that the debtor's wife (or, perhaps now, former wife) is a dependent of the debtor. Thus, the question submitted to the Court, except for extreme considerations, may be shortened to whether continued liability for the student debt "will impose an undue hardship on the debtor."

In a close case such as the present one, the decision must go against the party who has the burden of proof on this issue. Is the creditor required to establish the negative of this proposition? No, the debtor has the burden of establishing this exception to the exception. *In re Norman,* 25 B.R. 545, 549 (Bankr.S.D.Cal.1982), citing *Hill v. Smith,* 260 U.S. 592, 43 S.Ct. 219, 67 L.Ed. 419 (1923) (creditor's notice or knowledge of bankruptcy petition, when debt not scheduled); *See In re Cardwell,* 95 B.R. 121, 122 (Bankr.W.D.Mo.1989); *In re Betz,* 31 B.R. 565 (Bankr.W.D.N.Y.1983); *In re Keenan,* 53 B.R. 913, 916 (Bankr.D.Conn. 1985) (dictum).

The debtor obviously should be more familiar with his or her financial circumstances than the creditor and should be in a better position to assemble and present the

evidence of those circumstances; consequently, it is fairer to place the burden of establishing this exception to the student-loan exception to discharge upon the debtor. *In re Norman,* 25 B.R. 545 (Bankr.S. D.Cal.1982); W. Norton, *Bankruptcy Law and Practice* § 27.38 (Supp.1988).

■ In this case, the debtor's budget is about balanced, if the monthly payment on the automobile of his (former?) wife has ceased, as would now be expected, and if the debtor did not elect to move away from the farm where he was receiving free lodging. Whether the other items in the debtor's monthly budget, as stipulated, are taken at face value or are doubted, the debtor could be said to have met the burden of showing that he would be caused undue hardship by being confronted with payment of a judgment for more than $2,500.00, which can be enforced by garnishment of his wages.

If, however, the creditor gave the debtor an opportunity to pay the judgment in monthly installments over a term of years, it appears that undue hardship would not have been established. The monthly payment agreed to by the debtor when the student loan was obtained was $50.00. That is about the payment which the debtor would have to offer if the debt were to be repaid under a five-year chapter 13 plan, omitting fees of an attorney and of the trustee.

These circumstances seem to require the Court to consider on what terms the debtor would be required to pay the debt in a case such as this, where "undue hardship" is a close question. If the terms were $50.00 per month, the plausibility of the remaining items in the debtor's budget must be examined. The stipulation was as to the amounts expended but not that those items or amounts were necessary.

The debtor's expense for food was a total of $530.00 per month. The debtor did not

---

**3.** As to this question, it is irrelevant whether it be the discharged debtor or the creditor who institutes the proceeding or civil action for a determination of the dischargeability of a student loan. Should the purist insist that the plaintiff (as such) always has the burden of proof, the debtor's burden as plaintiff would be met by proof of the bankruptcy discharge. The debtor would not have to prove the negative of an exception to discharge—such as that the debt was a *viable* student loan. *See In re Keenan,* 53 B.R. 913 (Bankr.D.Conn.1985).

prove that his parents would discontinue assisting him with $130.00 per month of this expense or that even $300.00 would not be a monthly food allowance on which he could get by fairly well. The Court may imagine that the debtor needs some form of transportation, but the debtor has not proved this or proved that, for him to have adequate use of a motor vehicle, it is necessary to pay $200.00 monthly truck payments and $28.34 per month for "car insurance" and $120.00 per month for "gasoline and vehicular maintenance." Perhaps his transportation needs could be met for $300.00 per month instead of $348.34. Perhaps, there is a compelling reason why the debtor should move from the farm where his "rent" was paid for by some farm work on his part, but he has not established the need to move.

"Undue" hardship means more than just an interference with one's whims, desires, preferences, or choices. "Undue hardship" does not contain the element of "lack of benefit to the debtor" from the schooling provided to or available to the debtor from the "student loan," and those opinions which discuss this factor are dancing on the edge of the forbidden boundary of judicial legislation. In this case a generous dose of bias in the debtor's favor, taken from a bottle of speculation, could cure the debtor's not having established "undue hardship," but there is no congressional prescription for the Court to dispense it.

The dilemma of whether the creditor will afford the debtor a reasonable method for payment of the debt can be resolved by a direction from the Court that no execution or other writ in aid of collection of a judgment on the "student loan" shall issue as long as the debtor pays $50.00 per month on the judgment, which the Court finds and concludes the debtor can do without "undue hardship." The creditor is entitled to a judgment in harmony herewith.

### FINAL JUDGMENT

In accordance with the findings of facts and conclusions by the Court upon the joint motion for summary judgment, it is ORDERED by the Court as follows:

1. The relief sought upon the complaint of the plaintiff, Donald Wayne Doyle, is denied;

2. On the counterclaim of Higher Education Assistance Foundation, a judgment is rendered in its favor and against Donald Wayne Doyle for the sum of $2,527.13 and recoverable costs in this adversary proceeding, which judgment and debt are adjudged to be nondischargeable in this bankruptcy case, as provided in 11 U.S.C. § 523(a)(8), and said Higher Education Assistance Foundation shall have and recover said sum of $2,527.13 from the said Donald Wayne Doyle, in aid of the collection of which execution and other writs of court may issue but not contrary to the further provisions hereof; and

3. No execution or other writ of court in aid of the collection of this judgment may issue for so long as Donald Wayne Doyle pays to Higher Education Assistance Foundation (or its assignee or successor in interest) the sum of $50.00 or the balance of this judgment (including interest thereon as provided by federal statute) in consecutive monthly installments beginning with the month of October, 1989.