In re K'Lynn IPSEN, Debtor.

K'Lynn IPSEN, Plaintiff,

v.

HIGHER EDUCATION ASSISTANCE FOUNDATION, Defendant.

Bankruptcy No. 92–50473–SJ.
Adv. No. 92–5026–SJ.

United States Bankruptcy Court,
W.D. Missouri.

Dec. 29, 1992.

Jere Loyd, St. Joseph, MO, for plaintiff.

Thomas L. Griswold, Payne & Jones, Chartered, Overland Park, KS, for defendant.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Debtor seeks to have an educational loan declared dischargeable in her chapter 7 bankruptcy. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons set forth below, I find that the debtor has failed to demonstrate that holding this debt to be nondischargeable would impose an undue hardship pursuant to 11 U.S.C. § 523(a)(8)(B).

## FACTUAL BACKGROUND

On or about November 30, 1989, debtor executed a promissory note payable to the Higher Education Loan Program of Kansas ("HELP") in the sum of $12,722 with interest at the rate of ten percent per annum. Debtor attended Western Iowa Technical Community College in Sioux City, Iowa from August 1987 until she attained an Associate of Applied Science degree. She is now self-employed using the skills she acquired from her education by providing bookkeeping, accounting, and tax services on a contract basis. Her educational loan first became due and payable on or about September 1, 1989. The original note was amortized over fifteen years, according to the following schedule: forty-five consecutive monthly payments of $106.01; forty-five consecutive monthly payments at $127.21; ninety consecutive monthly payments of $183.22. Debtor made payments totaling $848.08, but otherwise has defaulted on the obligation to repay. Defendant has proposed a flexible repayment schedule under which payments would begin as low as $100 per month, and increase to as much as $200 per month.

Debtor filed a voluntary chapter 7 petition on August 28, 1992. She listed on her schedules income of $824.00 per month and expenses of $1095. Debtor has an eight

year old daughter, and was a single mother until November 7, 1992, when she remarried and moved to Clinton, Missouri. Currently debtor's daughter resides with her. Debtor's present husband is employed and owns his own home, where the debtor now lives. Debtor's former husband is obligated to pay child support of $324 per month, which is not being paid. Instead, the former husband does provide some clothing and other in kind assistance to the couple's child. Debtor has apparently not attempted to fully enforce the child support obligations due her. Debtor will have major surgery on January 11, 1993, and expects to be incapacitated for eight weeks.

## DISCUSSION

 Student loans are nondischargeable in bankruptcy, unless one of two conditions is met. The first is that the loan first came due more than seven years before the bankruptcy was filed. 11 U.S.C. § 523(a)(8)(A). The second condition requiring dischargeability is that failure to discharge such loans would cause an undue hardship on the debtor. 11 U.S.C. § 523(a)(8)(B)[1]. There is no definition of undue hardship in the Bankruptcy Code ("Code"), therefore, it is in the discretion of the bankruptcy court to determine if the facts of a particular case warrant a finding of dischargeability of the debt. *In re Johnson*, 121 B.R. 91, 93 (Bankr. N.D.Okla.1990). This Court has adopted the standard for undue hardship set out in *Brunner v. New York State Higher Education Services, Corp.*, 831 F.2d 395 (2nd Cir.1987), which requires a three part showing:

(1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Id.* at 396. I find that the debtor has failed to satisfy even the first prong of this test. While debtor's schedules demonstrate that she had income of $824 per month and expenses of $1,095 per month, debtor testified at the hearing that the $200 per month support expense listed in her schedules was no longer an obligation. In addition, her car loan, which had been $152 per month, has been paid by her mother. It is unclear as to the terms under which debtor is repaying her mother. And, the debtor previously had monthly life insurance premiums of fifty dollars per month. She has dropped her own insurance, and instead spends four dollars per month on such insurance for her daughter. She further testified that she has no rent payments, as her present husband owns his own home. Her husband is also employed and his income is not reflected in debtor's schedules. In determining whether to discharge a student loan based on undue hardship, the income of the non-debtor spouse should be considered by the court. *In re Velis*, 123 B.R. 497, 512 (D.N.J.1991). Even if debtor were required to pay as much as $200 per month on her student loan obligation, she would be left with approximately $624 per month income before taxes. Given that her housing is provided by her husband, and that some assistance is provided by her former

---

1. **§ 523. Exceptions to discharge.**

 (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

 . . . . .

 (8) for an educational benefit overpayment or loan made, insured or guaranteed by a government unit, or made under any program funded in whole or in part by a governmental

 unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—

 . . . . .

 (B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

 *11 U.S.C. § 523(a)(8)(B).*

husband, I find that debtor can maintain a minimal standard of living, based on current income and expenses, if required to repay this loan. This finding is further supported by the fact that in the first year of any repayment the debtor could, if she chose, pay as little as $100 per month. Thus, debtor has failed to meet her burden of proof with respect to the first element of the *Brunner* test. For that reason alone, the claim of undue hardship fails.

In addition, debtor fails to meet the second element of the *Brunner* test. The only evidence of additional circumstances, indicating that debtor will be unable to pay for a significant portion of the repayment period of the loan, are the facts that she has been unable to find a full time job using her newly acquired skills, and that she will have major surgery in January. " 'Undue hardship' means more than having a tight budget or a present inability to pay." *In re Johnson*, 121 B.R. at 93. Debtor testified that she will be incapacitated for approximately eight weeks following her surgery. That does not establish an inability to pay over the remaining twelve year repayment period of the loan. While she has so far not found a full-time job, she does have employment on a part-time basis for which she is paid eight dollars per hour, as a result of the skills acquired with these educational loans. Debtor has not proven that she will be unable to repay this loan and maintain a minimal standard of living, for a significant portion of the repayment period.

For these reasons, I conclude that debtor has failed to show that her circumstances are exceptional enough to warrant a finding of undue hardship.

An order consistent with this Memorandum Opinion will be entered this date.