**In re Gene D. CLARK, Debtor.**

**Gene D. Clark, Plaintiff,**

**v.**

**United Student Aid Funds, Inc., Defendant.**

**Bankruptcy No. 99–60691.
Adversary No. 99–6024.**

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

Sept. 1, 1999.

Gene D. Clark, pro se.

N. Larry Bork, Educational Credit Management Corp., Topeka, KS, for defendant.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Debtor Gene D. Clark, appearing *pro se*, filed this adversary proceeding in order to discharge an obligation to Educational Credit Management Corporation (ECMC) in the approximate amount of $11,500.00. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### ISSUE PRESENTED

Debtor incurred approximately $11,500.00 in student loans in order to attend a vocational school to learn to operate heavy equipment. He completed the course, but he has never been able to obtain a job operating heavy equipment. Debtor is currently laid-off from a job that paid him $10.70 per hour. He is in good health. Student loans are dischargeable if excepting the loans from discharge would impose an undue hardship on the debtor or his dependents. Does the fact that debtor

cannot now obtain a job at a desired salary satisfy the criteria for finding that excepting this debt from discharge would impose an undue hardship?

## DECISION

Debtor's inability to find a job of his liking does not impose an undue hardship without some indication that debtor is unable to work at any job, therefore, the student loan obligation is not dischargeable.

## FACTUAL BACKGROUND

Mr. Clark completed the eighth grade. On August 1, 1989, Mr. Clark borrowed the sum of $5,295.00, evidenced by two student loans, in order to attend Superior Training Services. On September 29, 1989, he successfully completed all studies prescribed by the school for the "All Resident Heavy Equipment Operator's Course."[1] Between October 31, 1992, and October 15, 1997, Mr. Clark made periodic small payments on the loans, but the payments were never large enough to cover the interest due.[2] As a result, the debt is now approximately $11,500.00. United Student Aid Funds, Inc. was the original holder of the loans. On June 25, 1999, United Student Aid Funds, Inc. transferred the loans to ECMC. On July 21, 1999, this Court entered an Order adding ECMC as a defendant in this adversary proceeding.[3]

A hearing was held on August 19, 1999. At the hearing Mr. Clark testified that he is currently unemployed. He stated that on October 19, 1998, he was laid-off from a job with the Sweetheart Cup Company (Sweetheart). At Sweetheart he cleaned equipment, and he earned $10.70 per hour. He worked for the company for 69 days, and he hopes to someday return to that job. Prior to his employment at Sweetheart, he worked for Hudson Foods. At Hudson Foods he earned $8.40 per hour,

again cleaning equipment. He has never, however, worked as a heavy equipment operator.

Mr. Clark claims that he has been looking for a job since being laid-off from Sweetheart. He said he has registered with a job counselor, and that he goes every day to see if any work is available. He also stated that the only jobs available to him are minimum wage jobs. He has no dependents, and he testified that he could move if necessary, but he has never sought employment in another area. He stated he has no physical or mental impairment that would prevent him from accepting employment.

Mr. Clark's father recently died, and he feels an obligation to pay for the funeral expenses. Otherwise, Mr. Clark's expenses are approximately $700.00. At the present time he has no income. He stated he does some in-kind work for people in exchange for food. He also stated he has paid a total of approximately $850.00 on the student loans. Mr. Clark testified that he cannot now repay the student loan, but he admitted that if he finds employment he will be able to continue making payments.

## DISCUSSION

 Section 523(a)(8) of the Bankruptcy Code (the Code) excepts student loans from discharge unless to do so would impose an undue hardship on the debtor and his dependents:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
> > (8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or sti-

1. Def. Ex. # D6.

2. Def. Ex. # D1.

3. Doc.#8.

pend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.[4]

There is no definition of undue hardship in the Code, therefore, it is within the discretion of the bankruptcy court to determine if the facts of a particular case warrant a finding that the debt is dischargeable.[5] The Bankruptcy Appellate Panel for the Eighth Circuit (the BAP), recently held that the Eighth Circuit requires bankruptcy courts to apply a "totality of circumstances" test to make that determination.[6] In *Andrews v. South Dakota Student Loan Assistance Corp. (In re Andrews)*, the Eighth Circuit first adopted the "totality circumstances" test to determine undue hardship.[7] The BAP articulated that "totality of circumstances" test to require the Court to consider the following: (1) the debtor's current and future financial resources; (2) the debtor's reasonable living expenses; and (3) any other relevant facts and circumstances in the particular case.[8] Thus, in making a determination as to whether excepting a student loan from discharge will impose an undue hardship on Mr. Clark, I look first to his current and future financial resources. The burden is on Mr. Clark to prove that his circumstances warrant discharge of the student loans.[9] It is undisputed that Mr. Clark does not now have the resources to repay his student loans. And I find quite credible his testimony that he is diligently looking for another job. But he also stated that he could find minimum wage jobs, and that when he tells a prospective employer that he hopes to return to Sweetheart someday,

the employer refuses to hire him. It, therefore, appears that Mr. Clark can, in fact, find a job. He just does not want the jobs for which he is now employable.

I must, however, look at more than just Mr. Clark's current income and the lack thereof. Under the *Andrews'* test, I must also determine Mr. Clark's likely future income. Mr. Clark admitted that he was offered jobs, but at less money than he wanted. Mr. Clark stated that his health is good. He called a friend of his as a witness to testify that he is a hard worker. Under cross-examination he stated he could repay the student loans if he had a job. I cannot find at this time that Mr. Clark will not have the future resources to repay these student loans.

■ Mr. Clark also states that he did not receive any educational benefit from the student loans because he has never been able to obtain a job as a heavy equipment operator. Most Courts, however, reject the value of the education received as a direct factor in determining whether excepting student loans from discharge would impose an undue hardship on a debtor.[10] It is undisputed that the loan was an educational loan at its inception. This Court, therefore, has no authority to change the nature of the loan because Mr. Clark did not receive the value he expected. As the Seventh Circuit stated in *Roberson*, "[i]f the leveraged investment of an education does not generate the return the borrower anticipated, the student, not the taxpayers, must accept the consequences of the decision to borrow."[11]

4. 11 U.S.C. § 523(a)(8).

5. *In re Ipsen*, 149 B.R. 583, 585 (Bankr. W.D.Mo.1992); *In re Johnson*, 121 B.R. 91, 93 (Bankr.N.D.Okla.1990).

6. *Andresen v. Nebraska Student Loan Program, Inc. (In re Andresen)*, 232 B.R. 127, 139 (8th Cir. BAP 1999)

7. *See Id.* (citing *Andrews v. South Dakota Student Loan Assistance Corp. (In re Andrews)*, 661 F.2d 702, 704 (8th Cir.1981)).

8. *Williams v. Missouri Southern State College (In re Williams)*, 233 B.R. 423, 427 (Bankr. W.D.Mo.1999).

9. *In re Roberson*, 999 F.2d 1132, 1136 (7th Cir.1993).

10. *See, e.g. In re Roberson*, 999 F.2d 1132, 1136–37 (7th Cir.1993).

The *Andrews* test also requires me to calculate Mr. Clark's reasonably necessary living expenses. His bankruptcy schedules reflect his expenses are $345.00 a month. At the hearing, however, he testified that he was living with his father at the time he filed this bankruptcy petition. His father has since died, and Mr. Clark is responsible for rent in the amount of $340.00 per month, utilities in the amount of $110.00 per month, food in the amount of $110.00 a month, a car payment in the amount of $100.00 per month, and insurance in the amount of approximately $45.00 per month. He is not married, nor does he have any dependents. I find that his expenses are modest, reasonable, and necessary. If Mr. Clark obtained even a minimum wage job, he would be able to pay his expenses, and repay his student loans.

The third prong of the *Andrews* test involves an analysis of any other relevant facts and circumstances surrounding this particular case. Mr. Clark is healthy. He has no dependents. He is mobile and could relocate if necessary. He has worked in the past and he intends to work again. There are no unusual circumstances in this case other than the fact that Mr. Clark is currently unemployed. That one factor is insufficient for this Court to make a finding of undue hardship. In this district a debtor who has the ability to work, must work.[12] I, therefore, find that Mr. Clark failed to prove that there are any other relevant facts and circumstances that prevent him from finding employment, either now or in the future, and making some effort to repay this student loan obligation.

For all of the above reasons, I find that the debt is nondischargeable. An Order in accordance with this Memorandum Opinion will be entered this date.

11. *Id.*

12. *See, e.g., United States Dept. Ed. v. Rose (In re Rose),* 227 B.R. 518, 525 (W.D.Mo.1998) (holding that a debtor cannot discharge her student loans, on the grounds that failure to do so would impose an undue hardship, if she takes a low-paying job when she can obtain a better paying job); *Ipsen v. Higher Education Assistance Found. (In re Ipsen),* 149 B.R. 583, 585 (Bankr.W.D.Mo.1992) (holding that the failure to find a full-time job using newly acquired skills does not qualify one for a discharge of student loan obligations); *Cardwell v. Higher Education Assistance Found. (In re Cardwell),* 95 B.R. 121, 121 (Bankr. W.D.Mo.1989) (holding that a medical condition that permits a debtor to work only part-time does not impose an undue hardship if the condition is not permanent).